IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA SONS BISWANGER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-02269 |
| | : | |
| **COUNTY OF DELAWARE &** | : | |
| **COUNTY OF DELAWARE** | : | |
| **OFFICE OF THE SOLICITOR,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT COUNTY OF DELAWARE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant County of Delaware (hereinafter, "Answering Defendant"), through undersigned counsel, answers Plaintiff's Complaint as follows:

### I. INTRODUCTION

1. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

### II. PARTIES

1. Admitted.

2. Admitted.

3. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, admitted.

4. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied. By way of further

response, the Delaware County Office of the Solicitor is an Office of the County and is not a separate legal entity.

5. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied. By way of further response, the County is the proper Defendant in this matter. The Office of the Solicitor is not a separate legal entity.

6. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

7. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

8. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, it is admitted, only, that the County of Delaware employed Plaintiff to serve the County Solicitor's Office.

### III.  JURISDICTION AND VENUE

9. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

10. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

11. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

12. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

13. Admitted in part, denied in part. It is admitted that Plaintiff filed a Complaint with the PHRC that alleges that she was discriminated against by the County. The County denies that it discriminated against Plaintiff in any manner.

14. Admitted.

15. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

   **IV.   FACTUAL ALLEGATIONS**

16. Admitted in part, denied in part. It is admitted that Plaintiff worked for the County from December 2008 until on or about August 7, 2020. It is denied that the Office of the Solicitor is a separate legal entity from the County.

17. Admitted, upon information and belief.

18. Admitted.

19. Admitted to the extent that Plaintiff counseled various Departments throughout her employment with the County.

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted in part, denied in part. It is admitted that Plaintiff was issued a termination letter, which is a document that speaks for itself. The remaining allegations are denied.

26. Admitted.

27. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

28. Admitted.

29. Admitted.

30. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

31. Denied.

32. Denied.

33. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

34. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied it is admitted only that the County assigned Plaintiff's job duties to remaining assistant county solicitors.

35. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

36. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

37. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

38. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

39. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

## COUNT I - ADEA

40. Defendant incorporated by reference its answer to the paragraphs above, as if set forth herein in their entirety.

41. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

42. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

43. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

44. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

45. Denied.

## COUNT II - PHRA

46. Defendant incorporates by reference its answers to the paragraphs above as if set forth herein in their entirety.

47. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

48. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

49. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

50. Denied.

## **RELIEF**

Defendant denies that it discriminated against Plaintiff in any manner and denies that any relief is appropriate under the applicable laws. Defendant specifically denies that the ADEA provides for damages for emotional distress that are alleged in paragraph (g) of the relief section of the Complaint.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Defendant did not discriminate against Plaintiff in any manner, and as such, Defendant denies that a violation of the law occurred.

## **SECOND AFFIRMATIVE DEFENSE**

The ADEA does not provide for emotional distress damages that the Plaintiff seeks in her complaint.

**WHEREFORE,** Answering Defendant denies that it is liable on the cause of actions declared herein, and demand judgment in their favor plus interest and costs.

Respectfully Submitted,

Date: August 12, 2022         BY:   s/ Tiffany R. Allen
                                    Tiffany R. Allen
                                    Campbell Durrant, P.C.
                                    One Belmont Avenue, Suite 300
                                    Bala Cynwyd, PA 19004
                                    610-227-2597
                                    bpatchen@cdblaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICIA SONS BISWANGER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-02269 |
| | : | |
| **COUNTY OF DELAWARE &** | : | |
| **COUNTY OF DELAWARE** | : | |
| **OFFICE OF THE SOLICITOR,** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Tiffany Allen, hereby certify that on this date I caused the foregoing **Defendant's Answer to Plaintiff's Complaint** to be filed electronically, where it is available for viewing and downloading.

                                                                Respectfully Submitted,

Date: <u>August 12, 2022</u>                                          BY: <u>s/ Tiffany R. Allen</u>
                                                                                    Tiffany R. Allen